UNITED STATES DISTRICT COURT

NORTHERN DISTRICT OF CALIFORNIA

SAN JOSE DIVISION

| | |
|---|---|
| JOEL GOOBICH,<br><br>　　　　Plaintiff,<br><br>v.<br><br>EXCELLIGENCE LEARNING CORPORATION,<br><br>　　　　Defendant. | Case No. 5:19-cv-06771-EJD<br><br>**ORDER GRANTING PLAINTIFF'S MOTION TO STRIKE DEFENDANT'S AFFIRMATIVE DEFENSES**<br><br>Re: Dkt. No. 16 |

Pursuant to Rule 12(f) of the Federal Rules of Civil Procedure, Plaintiff Joel Goobich moves to strike Defendant Excelligence Learning Corporation's Affirmative Defense Nos. 1 through 16, 25, 26, 35, and 41 asserted in Defendant's Answer (Dkt. No. 12). The Court takes the matter under submission for decision without oral argument pursuant to Civil Local Rule 7-1(b). For the reasons below, Plaintiff's motion is **GRANTED** with leave to amend.

**I.　Background**

Plaintiff Joel Goobich is a Texas resident and inventor of, among other things, proprietary paint formulas. Compl. ¶ 1. Defendant Excelligence Learning Corporation, formerly known as QTL Corporation, is a Delaware corporation with is primary place of business in Monterey, California. *Id*. ¶ 2.

On or around December 1, 1998, Plaintiff and Defendant entered into an Employment Agreement (the "EA"), by which Plaintiff assigned to Defendant his rights, title, and interest in a limited set of his proprietary paint formulations in exchange for commissions on certain of Defendant's products for a period of twenty-five years. *Id*. ¶ 13-15. The EA also made Defendant the exclusive licensee of any proprietary paint formulas created by Plaintiff after December 1,

**CASE NO.: 5:19-CV-06771-EJD**
ORDER GRANTING PLAINTIFF'S MOTION TO STRIKE DEFENDANT'S AFFIRMATIVE DEFENSES

1

1998. *Id*. ¶ 17. In order to verify the commissions owed to Plaintiff, the EA grants Plaintiff the right to examine Defendant's books and records within 15 days of his written request. *Id*. ¶ 14.

Plaintiff alleges Defendant misrepresented, concealed, and failed to disclose material facts related to the amount of money owed to Plaintiff and, as a result, significantly underpaid Plaintiff. *Id*. ¶ 21-32. Plaintiff further alleges that Defendant has used Plaintiff's proprietary formulas to create new formulations, which are substantively derived from and materially the same as Plaintiff's formulations. *Id*. ¶ 33. Plaintiff alleges that these new formulations are within the scope of the EA and that Defendant is obligated to pay Plaintiff commissions on products utilizing the new formulations. *Id*. ¶ 34.

On October 18, 2019, Plaintiff filed this action against Defendant bringing claims for (1) Accounting; (2) Breach of Contract; (3) Breach of Implied Covenant of Good Faith and Fair Dealing; (4) Tortious Breach of Covenant of Good Faith and Fair Dealing; (5) Intentional Misrepresentation/Fraud; (6) Negligent Misrepresentation; (7) Misappropriation of Trade Secrets; (8) Misappropriation of Trade Secrets under the Federal Defendant Trade Secrets Act; (9) Unfair Competition; (10) Unjust Enrichment; and (11) Fraudulent Concealment. On November 15, 2019, Defendant filed an answer, raising forty-one "affirmative and/or additional" defenses. Dkt. No. 19. Plaintiff filed a motion to strike Defendant's affirmative defenses 1-16, 25, 26, 35, and 41, arguing that these affirmative defenses fail to meet the requisite pleading standard and are not affirmative defenses at all, but rather, Rule 12(b) defenses or denials of Plaintiff's claims. Dkt. No. 16. Defendant opposes the motion, arguing that the affirmative defenses are properly pled, but also requesting leave to amend the answer to add additional facts. Dkt. No. 18.

## II. Discussion

Federal Rule of Civil Procedure 12(f) permits a court to "strike from a pleading an insufficient defense or any redundant, immaterial, impertinent, or scandalous matter." "The function of a Rule 12(f) motion to strike is to avoid the expenditure of time and money that will arise from litigating spurious issues by dispensing with those issues prior to trial." *Solis v. Zenith Capital, LLC*, No. 08–cv–4854–PJH, 2009 WL 1324051, at \*3 (N.D. Cal. May 8, 2009) (citing

**CASE NO.: 5:19-CV-06771-EJD**
ORDER GRANTING PLAINTIFF'S MOTION TO STRIKE DEFENDANT'S AFFIRMATIVE DEFENSES

2

*Sidney–Vinstein v. A.H. Robins Co.*, 697 F.2d 880, 885 (9th Cir. 1983)).

When a court strikes an affirmative defense, leave to amend should be freely given so long as there is no prejudice to the moving party. *Wyshak v. City Nat'l Bank*, 607 F.2d 824, 826 (9th Cir. 1979); *see also* Fed. R. Civ. P. 15(a)(2) ("The court should freely give leave [to amend] when justice so requires.").

### A. Inadequately Pled Affirmative Defenses

As an initial matter, the parties disagree as to the pleading standard applicable to an affirmative defense. A pleading that states a claim for relief must contain "a short and plain statement of the claim showing that the pleader is entitled to relief," whereas a responsive pleading must "affirmatively state any avoidance or affirmative defense." Fed. R. Civ. P. 8(a)(2), (c)(1). The Ninth Circuit has long held that "[t]he key to determining the sufficiency of pleading an affirmative defense is whether it gives plaintiff fair notice of the defense." *Wyshak*, 607 F.2d at 827.

Following the Supreme Court's decisions in *Bell Atlantic Corp. v. Twombly*, 550 U.S. 544, (2007), and *Ashcroft v. Iqbal*, 556 U.S. 662 (2009), which announced a heightened pleading standard for complaints, the courts in this district have generally applied the *Twombly*/*Iqbal* pleading standard to affirmative defenses. *See Perez v. Gordon & Wong Law Group, P.C.*, No. 11-cv-03323-LHK, 2012 WL 1029425, at *8 (N.D. Cal. March 26, 2012) (collecting cases). "This standard 'serve[s] to weed out the boilerplate listing of affirmative defenses which is commonplace in most defendants' pleadings where many of the defenses alleged are irrelevant to the claims asserted.'" *Id.* (quoting *Barnes v. AT&T Pension Benefit Plan-Nonbargained Program*, 718 F. Supp. 2d 1167, 1172 (N.D. Cal. 2010)).

In *Kohler v. Flava Enters., Inc.*, the Ninth Circuit observed that "the fair notice required by the pleading standards only requires describing the defense in general terms." *Kohler v. Flava Enters., Inc.*, 779 F.3d 1016, 1019 (9th Cir. 2015) (internal quotation omitted). Use of the phrases "fair notice" and "general terms" prompted some district courts to reconsider the pleading standard for affirmative defenses. Indeed, some judges have applied *Kohler* to conclude that

**CASE NO.: 5:19-CV-06771-EJD**
ORDER GRANTING PLAINTIFF'S MOTION TO STRIKE DEFENDANT'S AFFIRMATIVE DEFENSES

3

the *Twombly*/*Iqbal* standard does not apply to affirmative defenses. *See, e.g., Sherwin-Williams Co. v. Courtesy Oldsmobile-Cadillac, Inc.*, No. 15-cv-01137, 2016 WL 615335, at *3 (E.D. Cal. Feb. 16, 2016) (collecting decisions).

Nonetheless, "even after *Kohler*, courts in this district continue to require affirmative defenses to meet the *Twombly*/*Iqbal* standard." *J & K IP Assets, LLC v. Armaspec, Inc.*, No. 17-cv-07308-WHO, 2018 WL 3428757, at *3 (N.D. Cal. July 16, 2018); *see, e.g., Illumina, Inc. v. BGI Genomics Co.*, No. 19-cv-03770-WHO, 2020 WL 571030, at *5 (N.D. Cal. Feb. 5, 2020) ("I apply the *Twombly*/*Iqbal* pleading standard to affirmative defenses."); *Pertz v. Heartland Realty Inv'rs, Inc.*, No. 19-cv-06330-CRB, 2020 WL 95636, at *1 (N.D. Cal. Jan. 8, 2020) ("[T]his Court and the majority of courts in this district have held that the heightened pleading standard of *Twombly* and *Iqbal*, which followed *Wyshak*, is now the correct standard to apply to affirmative defenses."); *Fishman v. Tiger Natural Gas Inc.*, No. 17-cv-05351-WHA, 2018 WL 4468680, at *3 (N.D. Cal. Sept. 18, 2018) ("This order finds persuasive the reasoning of the district courts of this circuit and those across the country that apply the *Twombly*/*Iqbal* standard to affirmative defenses"). Accordingly, Defendant's affirmative defenses must contain sufficient facts to state a defense "that is plausible on its face." *Iqbal*, 556 U.S. at 678 (citing *Twombly*, 550 U.S. at 570).

Several of Defendant's affirmative defenses fail to meet this standard. Specifically, Defendant's second ("Statute of Limitations"), third ("Offset/Setoff"), fourth ("Accord and Satisfaction"), fifth ("Waiver/Release"), sixth ("Unclean Hands"), seventh ("Laches"), ninth ("Failure To Use Ordinary Care"), tenth ("Failure To Comply With Employer's Directions"), eleventh ("Failure To Conform To Usage Of Place Of Performance"), twelfth ("Failure to Use Skill Possessed"), thirteenth ("Degree Of Skill"), fourteenth ("Ratification"), fifteenth ("Consent/Authorization"), twenty-fifth ("Preemption"), twenty-sixth ("Acquiescence"), and thirty-fifth ("After-Acquired Evidence") do not plead sufficient facts to state a plausible affirmative defense.[1]

---

[1] Though the Defendant offered proposed amendments to certain affirmative defenses in its Opposition to Plaintiff's Motion to Strike (Dkt. No. 18), the Court considers the affirmative

CASE NO.: 5:19-CV-06771-EJD
ORDER GRANTING PLAINTIFF'S MOTION TO STRIKE DEFENDANT'S AFFIRMATIVE DEFENSES

4

The Defendant's pleading as to each of these defenses consists entirely of "bare references to legal doctrines without any discussion of how they may apply to this case." *Madison v. Goldsmith & Hull*, No. 5:13-cv-01655 EJD, 2013 WL 5769979, at *2 (N.D. Cal. Oct. 24, 2013). This is insufficient. *Qarbon.com Inc. v. eHelp Corp.*, 315 F. Supp. 2d 1046, 1049 (N.D. Cal. 2004) ("A reference to a doctrine, like a reference to statutory provisions, is insufficient notice.").

The Court **GRANTS** Plaintiff's motion to strike as to affirmative defenses 2-7, 9-15, 25, 26 and 35.[2] Because amendment will cause no prejudice to Plaintiff, the Court will allow Defendant an opportunity to amend the answer as to include additional factual support.

### B. Improper Affirmative Defenses

"A defense which demonstrates that plaintiff has not met its burden of proof is not an affirmative defense." *Zivkovic v. S. Cal. Edison Co.*, 302 F.3d 1080, 1088 (9th Cir. 2002). Rather, such a defense is "merely rebuttal against the evidence [to be] presented by the plaintiff" and, consequently, when pleaded as an affirmative defense, is "redundant" and may be stricken "so as to simplify and streamline the litigation." *Barnes*, 718 F. Supp. 2d at 1173–74.

Here, Defendant's first affirmative defense ("Failure to State a Claim") is not an actual defense since it simply embodies the contention that Plaintiff will be unable to prove the elements of the claims contained in the Complaint. *J & J Sports Prods v. Mendoza–Govan,* No. 10–cv-05123-WHA, 2011 WL 1544886 (N.D. Cal. Apr. 25, 2011) ("Failure to state a claim is not a proper affirmative defense but, rather, asserts a defect in the plaintiff's prima facie case.").

Similarly, Defendant's eighth affirmative defense ("Standing – 7th and 8th Causes of Action") and sixteenth affirmative defense ("Excessive Penalties Unconstitutional") are not proper affirmative defenses. *J & J Sports Prods., Inc. v. Vizcarra*, No. 11-cv-1151-SC, 2011 WL 4501318, at *2 (N.D. Cal. Sept. 27, 2011 ("Because a plaintiff must plead and ultimately prove standing, lack of standing is not an affirmative defense under federal law." ); *Classical Silk, Inc. v.*

---

defenses as pled in the operative answer only (Dkt. No. 12).
[2] The Court considers only the affirmative defenses that Plaintiff moves to strike. This does not indicate that the Court finds Defendant's remaining affirmative defenses sufficiently or properly pled.

**CASE NO.: 5:19-CV-06771-EJD**
ORDER GRANTING PLAINTIFF'S MOTION TO STRIKE DEFENDANT'S AFFIRMATIVE DEFENSES

5

*Dolan Grp., Inc.*, No. 14-cv-09224-AB, 2016 WL 7638112, at *2 (C.D. Cal. Mar. 21, 2016) (finding defenses that enhanced damages and/or attorneys' fees are improper and not affirmative defenses).[3]

Finally, Defendant's forty-first affirmative defense ("Right to Raise Other Defenses") asserts that Defendant "intends to rely upon such other and further affirmative and additional defenses as may become available during discovery in this action and Defendant reserves the right to amend this Answer to assert any such defenses." Answer, Dkt. No. 12, at ¶ 194. "An attempt to reserve affirmative defenses for a future date is not a proper affirmative defense in itself." *J & J Sports Prods., Inc. v. Barwick*, No. 5:12-cv-05284-LHK, 2013 WL 2083123, at *6 (N.D. Cal. May 14, 2013) (same). This type of statement "serves no real purpose in the litigation and should be stricken." *Solis v. Couturier,* No. 2:08–cv–02732, 2009 WL 2022343 (E.D. Cal. July 8, 2009).

Accordingly, the Court **GRANTS** Plaintiff's motion to strike Defendant's first, eighth, sixteenth and forty-first affirmative defense with prejudice.

### III. Conclusion

Plaintiff's Motion to Strike Defendant's affirmative defenses is **GRANTED**. Affirmative defenses 1, 8, 16 and 41 are **STRICKEN WITH PREJUDICE**. Affirmative defenses 2-7, 9-15, 25, 26 and 35 are **STRICKEN WITHOUT PREJUDICE.** If Defendant chooses to file an amended answer, it must do so on or before April 29, 2020**.**

**IT IS SO ORDERED.**

Dated: March 30, 2020

EDWARD J. DAVILA
United States District Judge

---

[3] As a practical matter, even if Plaintiff's eighth affirmative defense as to standing is stricken with prejudice, Defendant will not be precluded from arguing that Plaintiff lacks standing at a later time because issues of standing are jurisdictional and therefore, may be raised at any time. *See Ctr. For Biological Diversity v. Kempthorne,* 588 F.3d 701, 707 (9th Cir.2009) ("[T]he jurisdictional issue of standing can be raised at any time").

**CASE NO.: 5:19-CV-06771-EJD**
ORDER GRANTING PLAINTIFF'S MOTION TO STRIKE DEFENDANT'S AFFIRMATIVE DEFENSES

6