UNITED STATES DISTRICT COURT

NORTHERN DISTRICT OF CALIFORNIA

SAN JOSE DIVISION

Case No. 5:19-cv-06771-EJD

JOEL GOOBICH,
                    Plaintiff,

        v.

EXCELLIGENCE LEARNING
CORPORATION,
                    Defendant.

**ORDER DENYING MOTION OF
PLAINTIFF JOEL GOOBICH FOR
DEFAULT JUDGMENT OR, IN THE
ALTERNATIVE, TO COMPEL
ARBITRATION, AND FOR
ATTORNEYS' FEES**

Re: Dkt. No. 29

        Pursuant to Rule 55 of the Federal Rules of Civil Procedure, Plaintiff Joel Goobich ("Plaintiff") filed a motion for default judgment against Defendant Excelligence Learning Corporation ("Defendant"), or in the alternative, to compel arbitration.  Dkt. No. 29 ("Motion"). The Court takes the matter under submission for decision without oral argument pursuant to Civil Local Rule 7-1(b).  For the reasons below, Plaintiff's motion is DENIED.

## I.    BACKGROUND

        Plaintiff is a Texas resident and inventor of, among other things, proprietary paint formulas.  Compl., Dkt. No. 1, ¶ 1.  Defendant, formerly known as QTL Corporation, is a Delaware corporation with is primary place of business in Monterey, California.  *Id.* at ¶ 2.

        On December 1, 1998, Plaintiff and Defendant entered an employment agreement ("EA"), by which Plaintiff assigned to Defendant his rights, title, and interest in a limited set of his proprietary paint formulations in exchange for commissions on certain of Defendant's products for a period of twenty-five years.  *Id.* at ¶¶ 13-15.  The EA made Defendant the exclusive licensee of any proprietary paint formulas created by Plaintiff after December 1, 1998.  *Id.* at ¶ 17.  In order to verify the commissions owed to Plaintiff, the EA grants Plaintiff the right to examine Defendant's books and records within 15 days of his written request.  *Id.* at ¶ 14.  The EA also includes an arbitration clause, which states:

        Any dispute arising out of this Agreement shall be resolved through binding

United States District Court
Northern District of California

United States District Court
Northern District of California

> arbitration pursuant to the rules of the American Arbitration Association in effect at the time the dispute is submitted to arbitration.  The parties shall share the costs of such arbitration equally.

Declaration of Joel Goobich ("Goobich Decl."), Ex. A, Dkt. No. 31-1 at 8.  The EA further states that it shall be governed by the laws of the United States and the State of California.  *Ibid.*

Plaintiff alleges Defendant misrepresented, concealed, and failed to disclose material facts related to the amount of money owed to Plaintiff and, as a result, significantly underpaid Plaintiff.  Goobich Decl., ¶¶ 21-32, Dkt. No. 31.  Plaintiff further alleges that Defendant has used Plaintiff's proprietary formulas to create new formulations, which are substantively derived from and materially the same as Plaintiff's formulations.  *Id*. at ¶ 33.  Plaintiff alleges that these new formulations are within the scope of the EA and that Defendant is obligated to pay Plaintiff commissions on products utilizing the new formulations.  *Id*. at ¶ 34.

On February 22, 2019, Plaintiff wrote to Defendant, requesting to inspect Defendant's books and records.  Goobich Decl., Ex. B, Dkt. No. 31-2.  After some initial back-and-forth, Defendant provided Plaintiff with a limited number of records.  Goobich Decl., Ex. C, Dkt. No. 31-3.  From these records, Plaintiff concluded that he had been underpaid by at least $100,000.  Ex. D.  On or by May 30, 2019, Defendant wired Plaintiff $27,874 for the undisputed amount of prior royalties that had not been paid.  Goobich Decl., Exs. G–I, Dkt. Nos. 31-7–31-9.  On June 18, 2019, Plaintiff notified Defendant that, according to his calculations, he was actually underpaid by over $150,000 and requested that Defendant provide certain identified documents so that Plaintiff could more accurately determine what commissions were improperly withheld or underreported.  Declaration of David A. Randall ("Randall Decl."), Ex. J, Dkt. No. 32-1.  Defendant told Plaintiff that it would examine the data Plaintiff provided and would respond by June 20, 2019, however, Defendant did not respond by that date.  Opposition to Plaintiff's Motion for Default Judgement or, in the Alternative, to Compel Arbitration ("Opposition"), Ex. 4–5, 7; Dkt. No. 43-2.

After additional email communication between the parties, Plaintiff remained dissatisfied with Defendant's alleged failure to provide sufficient records or payment.  On July 23, 2019,

Case No.: 5:19-cv-06771-EJD
ORDER DENYING MOTION OF PLAINTIFF JOEL GOOBICH FOR DEFAULT JUDGMENT OR, IN THE ALTERNATIVE, TO COMPEL ARBITRATION, AND FOR ATTORNEYS' FEES
2

1  Plaintiff filed for a Request for Arbitration with the American Arbitration Association ("AAA")

2  under the AAA Employment Arbitration Rules.  Randall Decl. at ¶ 19.

3        Following the Request for Arbitration, Plaintiff's counsel and Defendant's counsel had

4  "several telephone conversations" regarding arbitration procedures.  Declaration of Jared W.

5  Speier ("Speier Decl."), ¶ 9, Dkt. No. 43-1.  Plaintiff maintained that Defendant was responsible

6  for the cost of arbitration proceedings under the Employment Rules of the AAA, pursuant to

7  which Plaintiff filed the Request for Arbitration.  *Id*.  Defendant believed that the Employment

8  Rules of the AAA were inapplicable because the dispute involves Plaintiff's ownership of

9  intellectual property, not his employment.  *Id.* at ¶ 11.  Defendant further explained that the EA

10  expressly provides that the parties are to split the cost of arbitration equally. *Id.* at ¶ 9.  Therefore,

11  Defendant sought to arbitrate pursuant to the AAA Commercial Arbitration Rules, which it

12  believed better reflected the nature of the dispute and the arbitration agreement.  Opposition at 6-

13  8.[1]

14        The AAA conducted a preliminary administrative review and determined that the dispute

15  should be administered in accordance with the Employment Rules.  Compl., Ex. 9, Dkt. No. 1-9.

16  The AAA acknowledged receipt of Plaintiff's portion of the filing fee ($300) and requested that

17  Defendant pay its portion of the filing fee ($1,900) on or before August 8, 2019 in order to

18  proceed with the arbitration.  *Id.*  On August 9, 2019, the AAA alerted the parties that it had not

19  yet received Defendant's filing fee, and requested that the fee be paid by August 23, 2019.

20  _____

21  [1] The Commercial Arbitration Rules provide that the expenses of the arbitration "shall be borne

22  equally by the parties, unless they agree otherwise," while the Employment Arbitration Rules state

23  that expenses "shall be borne by the employer or company, unless otherwise agreed by the parties

24  post-dispute."  *Compare* Commercial Arbitration Rules Fee Schedule, available at

25  https://www.adr.org/sites/default/files/Commercial_Arbitration_Fee_Schedule_1.pdf,

26  *with* Employment Arbitration Rules Fee Schedule, available at

27  https://www.adr.org/sites/default/files/Employment_Fee_Schedule1Nov19_2.pdf.

Case No.: 5:19-cv-06771-EJD

28  ORDER DENYING MOTION OF PLAINTIFF JOEL GOOBICH FOR DEFAULT JUDGMENT
OR, IN THE ALTERNATIVE, TO COMPEL ARBITRATION, AND FOR ATTORNEYS' FEES

United States District Court
Northern District of California

1   Compl., Ex. 10, Dkt. No. 1-10.  On August 30, 2019, after not receiving the requested filing fee,

2   the AAA administratively closed the file and refunded Plaintiff's filing fee.  Compl., Ex. 11, Dkt.

3   No. 1-11.

4          Following the AAA's dismissal of the case, on October 18, 2019, Plaintiff filed the present

5   action against Defendant bringing claims for (1) Accounting; (2) Breach of Contract; (3) Breach of

6   Implied Covenant of Good Faith and Fair Dealing; (4) Tortious Breach of Covenant of Good Faith

7   and Fair Dealing; (5) Intentional Misrepresentation/Fraud; (6) Negligent Misrepresentation; (7)

8   Misappropriation of Trade Secrets; (8) Misappropriation of Trade Secrets under the Federal

9   Defendant Trade Secrets Act; (9) Unfair Competition; (10) Unjust Enrichment; and (11)

10  Fraudulent Concealment.

11         Defendant filed its Answer (Dkt. No. 12) and soon thereafter, Plaintiff filed a Motion to

12  Strike Defendant's Affirmative Defenses.  Dkt. No. 16.  On March 30, 2020, this Court granted

13  Plaintiff's Motion to Strike with leave to amend.  Dkt. No. 40.

14         On February 18, 2020, Plaintiff filed this Motion for Default Judgment or, in the

15  Alternative, to Compel Arbitration, and for Attorney's Fees.  Plaintiff argues that Defendant's

16  failure to pay the arbitration filing fee is a material breach of contract punishable by terminating

17  sanctions and an order for attorneys' fees, pursuant to the recently enacted California Code of

18  Civil Procedure ("CCP") § 1281.99(b)(2)(B).  Defendant opposes the Motion, arguing that CCP §

19  1281.99 is not retroactive, is preempted by the Federal Arbitration Act ("FAA"), and is

20  unconstitutional.

21  **II.    DISCUSSION**

22         Plaintiff contends that he is entitled to terminating sanctions and attorneys' fees pursuant to

23  California Code of Civil Procedure ("CCP") §§ 1281.97-99 because Defendant failed to pay the

24  arbitration filing fee, which constitutes a material breach of the parties' arbitration agreement.

25  Motion at 10-12.  In the alternative, Plaintiff seeks to compel arbitration pursuant to CCP §

26  1281.97(b)(2), under which Defendant would be required to pay Plaintiff's reasonable attorneys'

27

28  Case No.: 5:19-cv-06771-EJD
    ORDER DENYING MOTION OF PLAINTIFF JOEL GOOBICH FOR DEFAULT JUDGMENT
    OR, IN THE ALTERNATIVE, TO COMPEL ARBITRATION, AND FOR ATTORNEYS' FEES
                                         4

United States District Court
Northern District of California

fees and the costs of arbitration.  Motion at 12-13.  Plaintiff also seeks the attorneys' fees and

costs that he incurred as a result of Defendant's alleged breach of the arbitration provision under

the same statute.  Motion at 13-15.

CCP §§ 1281.97-99 (the "Statutes") state in relevant part

> (a) In an employment or consumer arbitration that requires, either expressly
> or through application of state or federal law or the rules of the arbitration
> administrator, the drafting party to pay certain fees and costs before the
> arbitration can proceed, if the fees or costs to initiate an arbitration
> proceeding are not paid within 30 days after the due date, the drafting party
> is in material breach of the arbitration agreement, is in default of the
> arbitration, and waives its right to compel arbitration under Section 1281.2.
>
> (b) If the drafting party materially breaches the arbitration agreement and is
> in default under subdivision (a), the employee or consumer may …
> (1) Withdraw the claim from arbitration and proceed in a court of
> appropriate jurisdiction.
> (2) Compel arbitration in which the drafting party shall pay reasonable
> attorney's fees and costs related to the arbitration.
> [. . .]
> (d) If the employee or consumer proceeds with an action in a court of
> appropriate jurisdiction, the court shall impose sanctions on the drafting
> party in accordance with Section 1281.99

Section 1281.99 states:

> (a) The court shall impose a monetary sanction against a drafting party that
> materially breaches an arbitration agreement pursuant to subdivision (a)
> of Section 1281.97 . . . by ordering the drafting party to pay the reasonable
> expenses, including attorney's fees and costs, incurred by the employee or
> consumer as a result of the material breach.
>
> (b) In addition to the monetary sanction described in subdivision (a), the
> court may order any of the following sanctions against a drafting party that
> materially breaches an arbitration agreement pursuant to subdivision (a)
> of Section 1281.97 . . . unless the court finds that the one subject to the
> sanction acted with substantial justification or that other circumstances
> make the imposition of the sanction unjust.
> [. . .]
> (2) A terminating sanction by one of the following orders:
> [. . .]
> (B) An order rendering a judgment by default against the
> drafting party.

United States District Court
Northern District of California

1   Defendant argues that Plaintiff is not entitled to any of the relief he seeks under the

2   Statutes because the Statutes did not take effect until January 1, 2020 and may not be applied

3   retroactively to the events in this case.  Opposition at 11-16.  "There is a traditional presumption

4   against the retroactive application of legislation."  *Gadda v. State Bar of Cal.*, 511 F.3d 933, 937

5   (9th Cir. 2007) (citing *Landgraf v. USI Film Prods.,* 511 U.S. 244, 265 (1994)).  "In the absence

6   of an express retroactivity provision, California legislation is presumed to operate prospectively

7   'unless it is very clear from extrinsic sources that the Legislature or the voters must have intended

8   a retroactive application.'"  *Goldman v. Standard Ins. Co.*, 341 F.3d 1023, 1028-29 (9th Cir. 2003)

9   (citing *In re Eastport Assocs.,* 935 F.2d 1071, 1079 (9th Cir.1991)); *see also Abernathy v.*

10  *DoorDash, Inc.*, 2020 WL 619785, at *1-3 (N.D. Cal. Feb. 10, 2020) ("A retrospective operation

11  will not be given to a statute which interferes with antecedent rights . . . unless such be 'the

12  unequivocal and inflexible import of the terms, and the manifest intention of the legislature.'")

13  (quoting *United States v. Sec. Indus. Bank*, 459 U.S. 70, 7 (1982)).

14  At least one Court in this District has held that the Statutes do not apply retroactively.

15  *Abernathy*, 2020 WL 619785, at *1-3.  In that case, plaintiffs were independent contractors of

16  defendant DoorDash, whose contracts all contained an arbitration clause.  *Ibid.*  Much like the

17  present case, Plaintiffs each filed for arbitration and paid their portion of the filing fee but

18  DoorDash refused to pay the remainder of the fee required to initiate the proceedings and the case

19  was administratively closed by AAA in 2019.  *Ibid.*  Plaintiffs sought to compel arbitration and

20  requested that DoorDash pay all attorneys' fees and costs related to arbitration pursuant to §§

21  1281.97(b)(2).  *Ibid.*  The Court granted the motion to compel arbitration but denied Plaintiffs'

22  request for DoorDash to pay all attorneys' fees and costs related to arbitration because the Statutes

23  "[do] not apply retroactively and here, the events at issue all occurred prior to the enactment of the

24  bill."  *Id.* at *3.

25  Plaintiff argues that *Abernathy* should not be determinative here because the Court did not

26  consider the two arguments that Plaintiff now raises.  Corrected Reply in Support of Plaintiff's

27

28  ORDER DENYING MOTION OF PLAINTIFF JOEL GOOBICH FOR DEFAULT JUDGMENT
OR, IN THE ALTERNATIVE, TO COMPEL ARBITRATION, AND FOR ATTORNEYS' FEES

6

*United States District Court*
*Northern District of California*

United States District Court
Northern District of California

1    Motion for Default Judgement or Compel Arbitration ("Reply") at 9 n.5, Dkt. No. 46.  First,

2    Plaintiff argues that the Statutes apply retroactively because they merely declare existing law.

3    Motion at 10.  Plaintiff points to *West Security Bank v. Superior Court*, in which the California

4    Supreme Court found that "where a statute provides that it clarifies or declares existing law, 'it is

5    obvious that such a provision is indicative of a legislative intent that the amendment apply to all

6    existing causes of action from the date of its enactment.'"  *W. Sec. Bank v. Superior Court*, 15 Cal.

7    4th 232, 244 (1997) (quoting *Cal. Emp't Stabilization Com. v. Payne*, 31 Cal. 2d 210, 214 (1947)).

8    In that case, immediately following the California Court of Appeals' decision, the Legislature

9    passed a bill that plainly stated its intent to "abrogate the holding" of the Court of Appeals and "to

10   confirm and clarify the law" at issue in the case.  *Id.* at 242.  The California Supreme Court found

11   that these statements demonstrated the legislatures intent for the law to apply retroactively and

12   therefore, reversed the Court of Appeals' decision on that basis.

13       Likewise, in *California Employment Stabilization Commission v. Payne*, the California

14   Supreme Court held a provision to apply retroactively because of the legislature's express intent to

15   clarify existing law.  *Cal. Emp't Stabilization Com.*, 31 Cal. 2d at 210.  In that case, the Court

16   considered whether to retroactively apply an amendment to the California Unemployment

17   Insurance Code.  *Ibid.*  The legislature stated in the amendment that it was "merely a clarification

18   of the original intention of the legislature rather than a substantive change and such section shall

19   be construed for all purposes as though it had always read as hereinbefore set forth."  *Id.* at 213.

20   The Court noted that the amendment, which clearly changed the existing code, could be applied

21   retroactively because the statement unambiguously indicated the legislature's intent that the

22   modification be so applied.  *Id.* at 214.

23       Unlike in *West Security Bank* and *California Employment Stabilization Commission*, the

24   Statutes in the present case do not in any way indicate that they were intended to clarify existing

25   law.  There is nothing in the text of the Statutes themselves, and Plaintiff has not presented any

26   evidence from the legislative history suggesting that the Statutes were intended to apply

27

28   ORDER DENYING MOTION OF PLAINTIFF JOEL GOOBICH FOR DEFAULT JUDGMENT
     OR, IN THE ALTERNATIVE, TO COMPEL ARBITRATION, AND FOR ATTORNEYS' FEES
     7

1    retroactively.  Plaintiff points to case law that suggests that the failure to pay arbitration filing fees

2    constituted a material breach before the Statutes were enacted.  While it may be true that the

3    failure to pay filing fees had already been found by some courts to be a material breach of an

4    arbitration provision, Plaintiff points to no case predating the Statutes where terminating sanctions

5    and attorneys' fees were imposed upon the breaching party as a result.  Because there is no

6    indication that the Statutes declared existing law, nor that the legislature intended them to do so,

7    the Court finds that the Statutes may not be applied retroactively on those grounds.

8            Plaintiff next argues that even in the absence of clear intent from the Legislature, courts

9    may apply a statute retroactively if it is "remedial in nature."  Motion at 10.  Defendant does not

10   specify what exactly he means by "remedial in nature," but argues that the Statutes are remedial

11   because they "do[] not affect [Defendant's] substantive rights."  *Id.* at 11.

12           Plaintiff cites *Federal Deposit Insurance Corporation v. New Hampshire Insurance*

13   *Company* in support of this proposition.  953 F.2d 478 (9th Cir. 1991).  In that case, the Ninth

14   Circuit decided to apply a new statute of limitations provision retroactively because "there [was]

15   no clear indication that Congress intended that the statute of limitations apply only prospectively."

16   *Id.* at 487.  In so holding, the Ninth Circuit relied heavily on the United States Supreme Court's

17   statement in *Bradley v. School Board of the City of Richmond* that "a court is to apply the law in

18   effect at the time it renders its decision, unless doing so would result in manifest injustice or there

19   is statutory direction or legislative history to the contrary."  *Id.* at 486-88; *see Bradley v. School*

20   *Bd. of the City of Richmond*, 416 U.S. 696 (1974).  However, the Supreme Court has since

21   clarified that "*Bradley* did not take issue with the long line of decisions applying the presumption

22   against retroactivity," but rather defined one situation in which a retroactive application was

23   appropriate.  *Landgraf v. USI Film Prod.*, 511 U.S. 244, 278 (1994).  The *Landgraf* court

24   concluded that the key question is "whether [retroactive application] would impair rights a party

25   possessed when he acted, *increase a party's liability for past conduct*, or impose new duties with

26   respect to transactions already completed."  *Id.* at 280 (emphasis added).  Here, there is no

27

28   ORDER DENYING MOTION OF PLAINTIFF JOEL GOOBICH FOR DEFAULT JUDGMENT
     OR, IN THE ALTERNATIVE, TO COMPEL ARBITRATION, AND FOR ATTORNEYS' FEES

1    question that the Statutes, which introduce terminating sanctions, attorneys' fees, and other

2    penalties for material breach of an arbitration agreement, would increase Defendant's liability for

3    its past conduct.

4         Plaintiff cites a number of other cases involving the retroactive application of statutes of

5    limitations or other procedural rules.  Motion at 10.  In *Friel v. Cessna Aircraft Co.*, the Ninth

6    Circuit held that a new law altering the statute of limitations at issue could be applied retroactively

7    because "statutes of limitation are usually considered remedial" and "do[] not otherwise alter

8    substantive rights."  751 F.2d 1037, 1039 (9th Cir.1985).  In *United States v. Blackwell*, the Court

9    relied on *Friel* in retroactively applying a statute that extended the length of time the defendant

10   could be held liable on a fine.  852 F.3d 1164 (9th Cir. 2017).  The *Blackwell* court found that the

11   statute could be applied retroactively, because while the statute "increased the time period over

12   which the government could collect [the] fines and restitution," the defendant "remained liable for

13   the same amount of fines and restitution as he was prior to the enactment."  *Id.* at 1166.

14        Plaintiff does not point to any case extending these holdings beyond statutes of limitation

15   or procedural changes to the law.  Unlike the statutes of limitation at issue in *Friel* and *Blackwell*,

16   the Statutes at issue in this case are neither purely procedural nor remedial.  The Statutes

17   specifically increase the liability that Defendant faces for failing to pay arbitration fees by

18   categorically declaring that failure to be a material breach of contract.  *See Landgraf*, 511 U.S at

19   280.  While the Statutes do affect the remedies available to Plaintiff for that failure to pay,

20   retroactive application would impermissibly subject Defendant to increased liability for its past

21   conduct.

22        Thus, in accordance with *Abernathy*, the Court finds that that the Statutes on which

23   Plaintiff bases his motion do not apply retroactively.  *Abernathy*, 2020 WL 619785, at *3.  Both

24   Plaintiff's request for arbitration and Defendant's failure to pay the fees occurred in 2019, before

25   the statutes went into effect.  Thus, Plaintiff is not entitled to any relief under the Statutes and his

26   Motion is **DENIED** in full.

27

28   Case No.: 5:19-cv-06771-EJD
     ORDER DENYING MOTION OF PLAINTIFF JOEL GOOBICH FOR DEFAULT JUDGMENT
     OR, IN THE ALTERNATIVE, TO COMPEL ARBITRATION, AND FOR ATTORNEYS' FEES
                                          9

United States District Court
Northern District of California

1

2

3

4

5

6

7

8

9

10

11

12

13

14

15

16

17

18

19

20

21

22

23

24

25

26

27

28

United States District Court
Northern District of California

### III.   ORDER TO SHOW CAUSE

Although the Statues do not provide Plaintiff the specific relief he seeks, Plaintiff is still able to compel arbitration.  CCP § 1281.2 states, in relevant part:

> "On petition of a party to an arbitration agreement alleging the existence of a written agreement to arbitrate a controversy and that a party to the agreement refuses to arbitrate that controversy, the court shall order the petitioner and the respondent to arbitrate the controversy if it determines that an agreement to arbitrate the controversy exists."

Plaintiff expressly stated in his motion, however, that he "does not seek to compel arbitration in the absence of the court ordering Defendant to pay [Plaintiff's] reasonable attorneys' fees and costs related to the arbitration pursuant to CCP § 1281.97(b)(2), because in the absence of such sanction Defendant is likely to engage in further delay tactics driving up Plaintiff's fees and costs."  Motion at 2.  Similarly, Defendant states in its opposition that it would be "improper to order this case to arbitration without also ordering Goobich to pay his share of the arbitration fees."  Opposition at 3.

Nevertheless, the Court notes that the parties agree that they have a valid arbitration agreement.  Both parties claim to have been ready and willing to arbitrate until a dispute arose over how to apportion arbitration fees and costs.  Such a dispute is readily judicable by an arbitral tribunal.  Indeed, arbitrating both the fee dispute and the underlying claims may ultimately prove quicker and more cost efficient than litigating in federal court.  *See Ardalan v. Macy's Inc.*, No. 5:09-CV-04894, 2012 WL 2503972, at *1 (N.D. Cal. June 28, 2012) ("[The] twin advantages [of speed and informality] are lauded by federal policy and make arbitration favorable for the many private parties in resolving their disputes."), *aff'd sub nom. Ardalan v. Macy's W.*, 577 F. App'x 680 (9th Cir. 2014).

Given the apparent willingness of the parties to arbitrate in accordance with their undisputedly valid arbitration clause, and given "the strong federal policy favoring enforcement of arbitration agreements," the Court **ORDERS** the parties to show cause why the proceedings should not be stayed pending arbitration.  *Fisher v. A.G. Becker Paribas Inc.*, 791 F.2d 691, 694

1   (9th Cir. 1986) (citing *Moses H. Cone Hospital v. Mercury Construction Corp.,* 460 U.S. 1, 24-25

2   (1983)).

3   **IV.   CONCLUSION**

4        For the reasons stated above, the Court **DENIES** Plaintiff's Motion for Default Judgment

5   or, in the Alternative, to Compel Arbitration, and for Attorney's Fees.

6        The Court further **ORDERS** the parties to show cause why the proceedings should not be

7   stayed pending arbitration.  The parties shall file either a joint stipulation or separate responses to

8   the Order to Show Cause by no later than September 11, 2020.

9        **IT IS SO ORDERED.**

10  Dated:  August 28, 2020

11

12  _____
    EDWARD J. DAVILA
    United States District Judge

13

14

15

16

17

18

19

20

21

22

23

24

25

26

27

28

United States District Court
Northern District of California

Case No.: 5:19-cv-06771-EJD
ORDER DENYING MOTION OF PLAINTIFF JOEL GOOBICH FOR DEFAULT JUDGMENT
OR, IN THE ALTERNATIVE, TO COMPEL ARBITRATION, AND FOR ATTORNEYS' FEES
11