David A. Randall (SBN 156722)
dave@hdmnlaw.com
Sepehr Daghighian (SBN 239349)
sd@hdmnlaw.com
Ehab Samuel (SBN 228296)
esamuel@hdmnlaw.com
**HACKLER DAGHIGHIAN MARTINO & NOVAK P.C**.
10900 Wilshire Blvd., Suite 300
Los Angeles, CA 90024
Tel.: (310) 887-1333
Fax: (310) 887-1334

*Attorneys for Plaintiff*
JOEL GOOBICH


SEYFARTH SHAW LLP
Jon D. Meer (SBN 144389)
jmeer@seyfarth.com
Caitlyn M. Crisp (SBN 294136)
ccrisp@seyfarth.com
2029 Century Park East, Suite 3500
Los Angeles, California 90067-3021
Telephone: (310) 277-7200
Facsimile: (310) 201-5219

Attorneys for Defendants
EXCELLIGENCE LEARNING CORPORATION

# UNITED STATES DISTRICT COURT

# NORTHERN DISTRICT OF CALIFORNIA

# SAN JOSE DIVISION

| | |
|---|---|
| JOEL GOOBICH, a Texas Resident,<br><br>Plaintiff,<br><br>v.<br><br>EXCELLIGENCE LEARNING CORPORATION f/k/a QTL CORPORATION, a Delaware Corporation,<br><br>Defendant. | Case No. 5:19-cv-06771-EJD<br><br>**JOINT TRIAL SETTING CONFERENCE STATEMENT**<br><br>**DEMAND FOR JURY TRIAL**<br><br>Hearing Date: September 17, 2020<br>Hearing Time: 11:00 a.m.<br>Ctrm: 4, 5th Floor, San Jose<br>Before: Hon. Edward J. Davila<br><br>Complaint Filed: October 18, 2019 |

Plaintiff JOEL GOOBICH ("Plaintiff" or "Mr. Goobich") and Defendant EXCELLIGENCE LEARNING CORPORATION f/k/a QTL CORPORATION ("Defendant" or "Excelligence") respectfully submit this Joint Trial Setting Conference Statement.

**I.  JURISDICTION**

Plaintiff filed his complaint in federal court alleging both diversity jurisdiction pursuant to 28 U.S.C. § 1367 and federal question jurisdiction under 18 U.S.C. § 1836(c) and 28 U.S.C. § 1331.  On August 28, 2020, the Court issued an Order to Show Cause Why The Proceedings Should Not Be Stayed Pending Arbitration.  The Court ordered the Parties to file either a joint stipulation or separate responses to the Order to Show Cause by September 11, 2020.  Both Parties will file a separate response to the Order to Show Cause by September 11, 2020.

**Plaintiff's Position**

Plaintiff's position is that arbitration is inappropriate at this stage of the proceeding and the case should not be stayed.  Plaintiff also notes that Defendant has never contested the Court's jurisdiction.  Further, as the court recognized, Plaintiff was prepared to arbitrate its dispute in accordance with the arbitration provision when it filed an Arbitration demand in July 2019.  Although Defendant could have sought to arbitrate the fee dispute as part of the arbitration Plaintiff initiated, Excelligence scuttled that prospect by its non-payment of costs causing the AAA to cancel the arbitration for non-payment and highly prejudicing Plaintiff.  Now, 11 months into Plaintiff's case, Defendant is seeking the Court to compel arbitration--and arbitrate a fee dispute it could have arbitrated over a year ago--all of which would be highly prejudicial to Plaintiff and further delay Plaintiff's ability to adjudicate his rights.

**Defendant's Position**

Defendant's position is that this case should be stayed pending arbitration.  As the Court determined, "the parties agree that they have a valid arbitration agreement.  Both parties claim to have been ready and willing to arbitrate until a dispute arose over how to apportion arbitration fees and costs.  Such a dispute is readily judicable by an arbitral tribunal." (Order, p. 10.)

-1-

## II. SUBSTANCE OF THE ACTION

Plaintiff brings this action against Defendant alleging eleven (11) causes of action: (1) Accounting; (2) Breach of Contract; (3) Breach of the Implied Covenant of Good Faith and Fair Dealing; (4) Tortious Breach of the Covenant of Good Faith and Fair Dealing; (5) Intentional Misrepresentation/Fraud; (6) Negligent Misrepresentation; (7) Misappropriation of Trade Secrets; (8) Misappropriation of Trade Secrets Under the Federal Defend Trade Secrets Act; (9) Unfair Competition; (10) Unjust Enrichment; and (11) Fraudulent Concealment. (Dkt. No. 1).

Plaintiff also intends to amend/supplement the complaint to include a request for relief under California Civil Code § 3345, as Plaintiff turned 65 in August 2020. *See* attached Ex. A (First Amended Complaint). Defendant contends that Plaintiff has no grounds to bring a claim for "elder abuse" under California Civil Code § 3345 because all of the alleged acts of Defendant took place prior to the time Plaintiff turned age 65.

The parties' principal disputes are summarized as follows: (1) the amount of past royalties or commissions owed to Plaintiff under the Employment Agreement, if any; (2) to what extent, if any, does the statute of limitations bar Plaintiff's recovery for past royalties or commissions; (3) whether prejudgment interest is available to Plaintiff; (4) whether Defendant's alleged modification of any of Plaintiff's paint formulas obviates its obligation to pay Plaintiff royalties or commissions; (5) the ownership of the formulas for the paint products created and disclosed by Plaintiff to Defendant; and (6) whether Defendant misappropriated any of Plaintiff's formulas.

In addition to compensatory damages on unpaid royalties or commissions for paint products allegedly exploiting Mr. Goobich's paint formulas, Plaintiff seeks the present cash value on his future contractual damages, through the date of expiration of the 25 year term specified in the Employment Agreement, and Plaintiff's economic loss from Defendant's breach of Plaintiff's audit rights. For Plaintiff's claims for Intentional Misrepresentation/Fraud and Negligent misrepresentation, and Fraudulent Concealment, Plaintiff seeks an amount that will reasonably compensate Plaintiff for the alleged harm that Defendant allegedly was a substantial factor in causing, including Plaintiff's alleged past and future economic loss in terms of unpaid

commissions, lost earnings, and medical expenses. In addition, Plaintiff seeks to recover for Plaintiff's alleged mental suffering because of Defendants' actions. Plaintiff also seeks a determination of unjust enrichment, restitution and/or damages for Defendant's alleged unjust conduct and alleged trade secret misappropriation. Moreover, Plaintiff seeks exemplary and punitive damages for his tort and trade secret misappropriation claims, as well as the trebling of exemplary or punitive damages under Cal. Civil Code § 3345, attorneys' fees and costs, and pre and post-judgment interest.

## III. LEGAL ISSUES

The parties present the following brief statement, without extended legal argument, of the disputed points of law.

### A. Plaintiff's Statement

Plaintiff believes that staying the case pending arbitration is inappropriate at this stage and will Respond to the Order to Show Cause by September 11, 2020, in accordance with the Court's Order. The parties identified a list of twenty-one (21) legal issues in their Joint Rule 26(f) Report. Dkt. 24 at 10:1-11:18. However, notwithstanding the foregoing, Plaintiff notes there are at least three main disputes:

### (1) Pre-Judgment Interest

Plaintiff is entitled to mandatory prejudgment interest from the date that the commissions were due, pursuant to California Civil Code § 3287(a). Such prejudgment interest is in the amount of 10% per annum for his breach of contract claim. *See* Cal. Civil Code § 3289(b). Alternatively, Plaintiff is entitled to an interest of 7% per annum under his claims for fraud and trade secret misappropriation. *See* Cal. Civil Code § 3288; California Constitution active XV § 1; *Bladeroom Grp. Ltd. v. Emerson Electric Co.*, 2019 WL 1117538, *3 n.2 (N.D.Cal. 2019) (exercising discretion to award interest under Section 3288 in an effort to make plaintiff whole).

### (2) Ownership of Paint Formulas to Coloration Paint Products

There are two main types of paint formulas at issue in the present action: (1) The Employment Agreement includes the following provision relating to ownership:

**Ownership:** You hereby assign to QTL your entire right, title, and interest to all such Inventions and to all unpatented Inventions that you now own ....

(Dkt. 1-1, p. 7.)

Although the Employment Agreement states that Plaintiff assigns his entire right, title, and interest to all such Inventions that "you now own" (*id.*), such purported assignment is unlawful and against public policy. Cal. Labor Code. § 2870. The Coloration Paint Products were (i) developed entirely on Mr. Goobich's own time without using QTL or Excelligence's equipment, supplies, facilities or trade secret information, and (ii) conceived and reduced to practice prior to his employment with QTL and Excelligence. Thus, "to the extent a provision in [the] employment agreement purports to require [Mr. Goobich] to assign an invention otherwise excluded from being required to be assigned ..., the provision is against the public policy of this state and is unenforceable." *Id.*

### (3) Ownership of Paint Formulas to Plaintiff Developed During His Employment

The ownership provision of the Employment Agreement was limited by the "you now own" language, and thus, did not provide for an assignment of any formulas developed during Plaintiff's employment. Defendant's reliance on California Labor Code Section 2860 has not merit because Plaintiff was not "hired to invent" and has retained the right to all inventions he conceives or develops after the effective date of the Employment Agreement, as well as the right to receive a commission. *Zahler Columbia Pictures Corp.*, 180 Cal.App.2d 582 (1960) (section 2860 applies unless Plaintiff "retains some right in or with respect to the product."). Thus, section 2860 is inapplicable.

### (4) Whether Defendant Owes Commissions on Paint Reformulations Under the Employment Agreement

Not only do the agreements and the parties' course of conduct confirm that paint reformulations do not remove Defendant's obligations to pay the commissions, but also trade secret

law precludes Defendant from using paint formulations that are derived from Mr. Goobich's trade secrets without authorization and compensation. *See, e.g.,* 18 U.S.C. § 1839(5); *Amalgamated Indus. Ltd. v. Tressa, Inc.*, 69 Fed. Appx. 255 (6th Cir. 2003). Because Defendant used Mr. Goobich's original formulation as a starting point to derive its allegedly reformulated paints, Defendant has and continues to use Plaintiff's formulas under the Employment Agreement. Not only has Defendant used and continues to use Plaintiff's formulas, it substantially used and benefited from these formulas without his authorization.. *Id.*

### B. Defendant's Statement

Defendant's position is that a Joint Trial Setting Conference Statement is premature, given the pending Order to Show Cause Why The Case Should Not Be Stayed Pending Arbitration, issued by this Court on August 28, 2020.

The Court ordered the Parties to file either a joint stipulation or separate responses to the Order to Show Cause by September 11, 2020. Defendant's position is that this case should be stayed pending arbitration. As the Court determined, "the parties agree that they have a valid arbitration agreement. Both parties claim to have been ready and willing to arbitrate until a dispute arose over how to apportion arbitration fees and costs. Such a dispute is readily judicable by an arbitral tribunal." (Order, p. 10.)

Plaintiff apparently contends that he should not be compelled to participate in arbitration, as provided in his written contract with Defendant, because there is a dispute as to whether the arbitration agreement requires the parties to split the arbitration fees and costs equally. However, this Court has already held that "a dispute…over how to apportion arbitration fees and costs…is readily judicable by an arbitral tribunal." (Order, p. 10.)

Defendant contends that this case should be sent to arbitration, where the arbitrator will decide: (1) how to apportion the arbitration fees and costs between the parties based on their arbitration agreement; and (2) whether Plaintiff is entitled to any remedies for his claims.

Given that this Court has already held that this case is appropriate for arbitration, based on a written arbitration agreement between the Parties, Defendant sees no basis to continue to litigate

this case in civil court, and no basis to respond to Plaintiff's statements in this pleading, filed in civil court. However, if the Court later reverses its ruling and holds that there is cause to allow this case to proceed in civil court, Defendant reserves its right to prepare a more fulsome statement regarding the disputed points of law.

## IV.   MOTIONS

The following motions have been filed and ruled upon:

| FILER | MOTION | DECISION |
|---|---|---|
| Mr. Goobich | Motion to Strike Defendant's Affirmative Defenses – December 6, 2019 (Dkt. 16) | Granted – March 30, 2020 (Dkt. 40) |
| Mr. Goobich | Motion for Default Judgment or, in the alternative, to Compel Arbitration, and for Attorneys' Fees – February 18, 2020 (Dkt. 29) | Denied – August 28, 2020 (Dkt. 53) |

The Parties are required to file a Joint Stipulation or their individual Responses to the Court's Order To Show Cause why arbitration should not be compelled on September 11, 2020. Additionally, the Parties presently anticipate filing the following motions:

### A. Plaintiff

As stated above, Plaintiff would like to amend/supplement its complaint to add a prayer for relief under California Civil Code § 3345. *See* Exhibit A. The parties have not yet had an opportunity to meet and confer on whether Defendant agrees to Plaintiff to amend/supplement its Complaint, per F.R.C.P. 15(a)(2), (d). To the extent the Defendant opposes, Plaintiff anticipates filings a Motion for Leave to Amend/Supplement the Complaint. Furthermore, discovery is ongoing, and while the parties have had a productive meet and confer on Plaintiff's discovery, Plaintiff has not yet received any responses or document production or interrogatory responses from Defendant to evaluate whether there are any deficiencies. To the extent the parties are unable to resolve discovery disputes, Plaintiff may file a motion to compel.

### B. Defendant

Defendant's position is that this Joint Trial Setting Conference Statement is premature given the pending Order to Show Cause Why The Case Should Not Be Stayed Pending Arbitration.

Accordingly, Defendant reserves its right to prepare a more fulsome statement regarding anticipated motions should the Court determine that the case should not be stayed. Defendant contends that any pending discovery, discovery motions, or dispositive motions may be filed in an arbitration between the parties, based on their written arbitration agreement.

## V. DISCOVERY
### A. Plaintiff's Position

Defendant has produced 156 pages of documents as informal discovery in this case. In addition, as set forth at length in its Motion for Default Judgment, Plaintiff was able to obtain incomplete sales information from Defendant as part of his audit rights for purposes of calculating the commissions that are in dispute. Defendant's productions to date are woefully incomplete and, thus Plaintiff disagrees with Defendant's characterization of its productions.

Both parties have propounded formal written discovery. Defendant's initial revisions to this Joint Statement contended that it had not propounded any discovery to give the impression that it has not taken advantage of this Court's judicial discovery procedures. However, when Plaintiff corrected Defendant that such position is factually incorrect, Defendant sought to portray Mr. Goobich in false light. Mr. Goobich informed Defendant that he intends to produce his responsive, non-privileged documents by Friday, September 11, 2020. Defendant's factual recitation insinuates that Mr. Goobich has failed to respond to Defendant's discovery responses since January 23, 2020; however, Defendant fails to note that Defendant had agreed to hold in abeyance Mr. Goobich's responses until after the parties completed their mediation/ADR procedure in this case.

Defendant also noticed the deposition of Mr. Goobich. The parties have not set a date yet for the deposition. The parties have not discussed, but Plaintiff anticipates scheduling, the

deposition of other individuals, including 30(b)(6), in the near future.  Plaintiff had sought the deposition of Defendant's expert, but Defendant flatly refused to allow his deposition to go forward.

Plaintiff served his First Set of Requests for Interrogatories and for Production of Documents on July 22, 2020.  Defendant served its objections on September 4, 2020 without producing or agreeing to produce a single document.  Plaintiff will approach Defendant to meet and confer and to discuss Defendant's failure to produce any of the requested information.

Plaintiff has also subpoenaed third party Duke University (Duke Occupational and Environmental Medicine, Duke Toxicology Program) and the Art and Creative Materials Institute, Inc. (ACMI).  ACMI has produced documents, while Duke requested an extension to produce the documents.  The documents sought pertain to paint formula certifications and toxicology reports that contain information on the paint formulas used by Defendant.

Plaintiff anticipates that an additional ninety (90) days is necessary to fully complete fact discovery, particularly in light of Covid-19 and anticipated additional third-party discovery Plaintiff plans to seek, as well as the time required to address Defendant's discovery objections. The proposed amendments to the Court's Case Management Order, which accounts for about a ninety (90) day extension of the fact discovery deadline, is set forth more fully under Section IX.

### B. Defendant's Position

Defendant has provided a significant amount of informal discovery to Plaintiff in connection with the calculation of royalties that are in dispute.  The Parties also exchanged the relevant written contracts that govern Plaintiff's claims.

Defendant served a Notice of Deposition of Plaintiff and Requests for Production (discovery mechanisms that would also be available in an arbitral forum) on January 23, 2020. Plaintiff did not respond to this discovery.

On February 18, 2020 filed a Motion for Default Judgment or, in the alternative, to Compel Arbitration.

Plaintiff propounded Requests for Production and Interrogatories on Defendant on July 22, 2020, a little over a week before the Court-ordered Early Neutral Evaluation.

After the Court's August 28, 2020 Order denying Plaintiff's Motion for Default Judgment and ordering the Parties to show cause why the case should not be stayed pending arbitration, Plaintiff now has informed Defendant that he intends to produce his responsive, non-privileged documents in response to the discovery Defendant served on January 23, 2020 by Friday, September 11, 2020.

Defendant has served objections to Plaintiff's discovery requests. The parties met and conferred to discuss the scope of the document production before Defendant served its objections. Defendant intends to continue to meet and confer, so that it can set a more specific scope of the information sought, and will thereafter provide substantive responses. If this case is ordered to arbitration, Defendant will conduct discovery through the arbitration proceedings.

## VI. SETTLEMENT AND ADR

On July 31, 2020, the parties participated in Early Neutral Evaluation (ENE) conference. The Hon. Leslie Nichols (Ret.) facilitated mediation discussions; however, the mediation was unsuccessful. Defendant proposed a second mediation, with a private mediator. Plaintiff is not opposed to further mediation, but believes that such mediation will be more productive after the parties have received and reviewed at least the outstanding discovery so that the parties may fully evaluate their respective positions and settlement options.

## VII. BIFURCATION AND SEPARATE TRIAL OF ISSUES

The parties are not prepared at this time to make a determination as to whether the case should be bifurcated or whether a separate trial of specific issues is appropriate or desired. The parties anticipate that they will be prepared to make sure a determination by the close of fact and/or expert discovery. Defendant contends that there should be no civil trial because all civil proceedings should be stayed so that the parties can participate in an arbitration, as set forth in their written arbitration agreement.

## VIII. TRIAL

Plaintiff has requested a jury trial. In the parties' Joint Rule 26(f) (Dkt. 24), the parties estimated the length of trial to be seven to nine days. Plaintiff continues to expect the trial will likely take the originally estimated seven to nine days.

Defendant's position is that this case should be stayed pending arbitration. Defendant further contends that an arbitrator will be the trier of fact for all claims as provided in the Parties' written arbitration agreement.

## IX. SCHEDULING

Plaintiff proposes the modifications to the Court's Case Management Order (Dkt. 25 at 2) shown in the Table below. If the Court does not stay the litigation and order the Parties to arbitrate, Defendant will join in Plaintiff's proposal.

| EVENT | ORIGINAL DEADLINE | PROPOSED DEADLINE |
| --- | --- | --- |
| Fact Discovery Cut Off | October 15, 2020 | January 15, 2020 |
| Designation of Opening Experts with Reports | October 15, 2020 | January 15, 2020 |
| Designation of Rebuttal Experts with Reports | November 5, 2020 | February 5, 2021 |
| Expert Discovery Cutoff | November 20, 2020 | February 19, 2021 |
| Deadline(s) for Filing Discovery Motions | Civil L.R. 37-3 | Civil L.R. 37-3 |
| Deadline for Filing *Daubert* Motions | December 7, 2020 | March 8, 2021 |
| Deadline for Filing Dispositive Motions | January 7, 2021 | April 7, 2021 |
| Hearing on Anticipated *Daubert* Motions | February 4, 2021 | May 6, 2021 |

| EVENT | ORIGINAL DEADLINE | PROPOSED DEADLINE |
|---|---|---|
| Hearing on Anticipated Dispositive Motion(s) | March 4, 2021 | June 3, 2021 |

## X. OTHER MATTERS

Plaintiff has no other matters to report to the Court at this time. Defendant contends that it is premature and unnecessary to set deadlines in civil court, given that this case should be stayed pending the outcome of an arbitration, as provided in the parties' written arbitration agreement.

DATED:  September 8, 2020            HACKLER DAGHIGHIAN MARTINO & NOVAK, P.C.

By:  /s/  David A. Randall
David A. Randall (CA SBN 156722)
Sepehr Daghighian (CA SBN 239349)
Ehab Samuel (CA SBN 228296)

*Attorneys for Plaintiff*
JOEL GOOBICH

DATED:  September 8, 2020            SEYFARTH SHAW LLP

By:  /s/ Caitlyn M. Crisp
Jon D. Meer
Caitlyn M. Crisp

*Attorneys for Defendant*
EXCELLIGENCE LEARNING CORPORATION

Filer's attestation:  Pursuant to Civil L.R. 5-1(i)(3) regarding signatures, David A. Randall hereby attests that concurrence in the filing of this document has been obtained from each of the other signatories.