UNITED STATES DISTRICT COURT

NORTHERN DISTRICT OF CALIFORNIA

SAN JOSE DIVISION

JOEL GOOBICH,
    Plaintiff,

v.

EXCELLIGENCE LEARNING CORPORATION,
    Defendant.

Case No. 5:19-cv-06771-EJD

**ORDER COMPELLING ARBITRATION AND STAYING CASE**

Re: Dkt. No. 29

### I. Introduction

On February 18, 2020 Plaintiff Joel Goobich ("Plaintiff") filed a motion for default judgment against Defendant Excelligence Learning Corporation ("Defendant"), or in the alternative, to compel arbitration. Dkt. No. 29. On August 28, 2020, the Court issued an order denying that motion, finding that the California statute on which Plaintiff relied does not apply retroactively to this case. Dkt. No. 53. In that order, the Court also acknowledged that both parties agreed that the underling royalty-related dispute was subject to the valid arbitration clause in Plaintiff's employment agreement. *Id.* The Court, therefore, issued an Order to Show Cause why the case should not be stayed pending arbitration. *Id.*

Plaintiff and Defendant filed separate responses to the Order to Show Cause. Dkt. Nos. 56, 57. Surprisingly, Plaintiff now opposes arbitration, while Defendant, which previously opposed Plaintiff's motion to compel, argues that the case must be arbitrated.

### II. Discussion

Defendant argues that the Court must compel arbitration under the Federal Arbitration Act ("FAA"). *See* Dkt. No. 56 at 5. The FAA "mandates that district court shall direct the parties to proceed to arbitration on issues as to which an arbitration agreement has been signed." *Dean Witter Reynolds, Inc. v. Byrd*, 470 U.S. 213, 218 (1985). The Court's role under the FAA "is therefore limited to determining (1) whether a valid agreement to arbitrate exists and, if it does, (2)

Case No.: 5:19-cv-06771-EJD
ORDER COMPELLING ARBITRATION AND STAYING CASE
1

whether the agreement encompasses the dispute at issue." *Chiron Corp. v. Ortho Diagnostic Systems, Inc.*, 207 F3d 1126, 1130 (9th Cir. 2000) (citing 9 U.S.C. § 4). If a valid agreement exists and the dispute in question falls within the scope of the agreement, then the FAA "requires the court to enforce the arbitration agreement in accordance with its terms." *Ibid.* The Court must also stay any further proceedings until the arbitration has been completed. *See* 9 U.S.C. § 3 ("[T]he court . . . upon being satisfied that the issue involved . . . is referable to arbitration . . . shall on application of one of the parties stay the trial of the action until such arbitration has been had in accordance with the terms of the agreement.").

The parties agree that a valid agreement to arbitrate exists and that it encompasses the dispute at issue. Plaintiff nonetheless argues that the Court should not compel arbitration because (a) Defendant materially breached the arbitration agreement by failing to pay its portion of the fee to initiate arbitration; (b) Defendant waived its right to compel arbitration; and (c) the arbitration "has been had in accordance with the terms of the agreement," as specified under 9 U.S.C. § 3.

### A. Breach

Over twenty years ago, Plaintiff and Defendant entered an Employment Agreement ("EA"), by which Plaintiff assigned to Defendant his rights, title, and interest in a limited set of his proprietary paint formulations in exchange for commissions on certain of Defendant's products for a period of twenty-five years.[1] Compl., Dkt. No. 1 at ¶¶ 13-15. The EA includes an arbitration clause, which states:

> Any dispute arising out of this Agreement shall be resolved through binding arbitration pursuant to the rules of the American Arbitration Association [("AAA")] in effect at the time the dispute is submitted to arbitration. The parties shall share the costs of such arbitration equally.

Dkt. No. 1, Ex. A. A dispute later arose regarding the amount of money Defendant owes to

---

[1] The factual background to the underlying dispute is summarized in full in the Court's Order Denying Motion Of Plaintiff Joel Goobich For Default Judgment Or, In The Alternative, To Compel Arbitration, And For Attorneys' Fees. Dkt. No. 53.

Case No.: 5:19-cv-06771-EJD
ORDER COMPELLING ARBITRATION AND STAYING CASE
2

Plaintiff, and on July 23, 2019, Plaintiff filed a request for arbitration with the AAA. Plaintiff filed the request under the AAA Employment Rules, which dictate that the employer must pay the majority of the costs associated with the arbitration, including $1900 of the $2200 filing fee. Defendant disputed the application of the fee schedule in the AAA Employment Rules, arguing that the EA expressly states that the "parties shall share the costs of [any] arbitration equally." Dkt. No. 1, Ex. A. Defendant refused to pay an unequal portion of the filing fee and the AAA eventually closed the case due to Defendant's failure to pay.

Plaintiff argues that Defendant's failure to pay the filing fee pursuant to the AAA Employment Rules constitutes a material breach of the arbitration agreement and that, therefore, Defendant may not compel arbitration. *See* Dkt. No. 57 at 9-13 (citing *Brown v. Dillard's Inc.*, 430 F.3d 1004, 1010 (9th Cir. 2005) ("Dillard's breached its agreement with Brown by refusing to participate in the arbitration proceedings Brown initiated. Having breached the agreement, Dillard's cannot now enforce it.")). In *Brown*, the Ninth Circuit explained that a "bedrock principle of California contract law is that he who seeks to enforce a contract must show that he has complied with the conditions and agreements of the contract on his part to be performed." *Id.* at 1010.

Plaintiff has not shown that Defendant failed to perform in this case. Unlike in *Brown*, where the employer refused to arbitrate because it believed the claim was meritless, Defendant in this case was willing to arbitrate. Plaintiff and Defendant merely disagreed about their respective contractual obligations to pay the arbitration fees. Whether Defendant's failure to pay the filing fee constitutes a breach thus depends on whether the fee-splitting provision in the EA or the fee schedule of the AAA Employment Rules governs the parties' contractual obligations.

The "fundamental canon of interpreting written instruments is the ascertainment of the intent of the parties." *Ticor Title Ins. Co. v. Rancho Santa Fe Assn.*, 177 Cal. App. 3d 726, 730 (1986) (citing Cal. Civ. Code, § 1638; *Salton Bay Marina, Inc. v. Imperial Irrigation Dist.*, 172 Cal. App. 3d 914, 931 (1985)). Under California law, "the meaning of a contract must be derived from reading the whole of the contract, with individual provisions interpreted together, in order to

give effect to all provisions and to avoid rendering some meaningless." *Zalkind v. Ceradyne, Inc.*, 194 Cal. App. 4th 1010, 1027 (2011); Cal. Civ. Code § 1641 ("The whole of a contract is to be taken together, so as to give effect to every part, if reasonably practicable, each clause helping to interpret the other.").[2] "The language of a contract is to govern its interpretation, if the language is clear and explicit." Cal. Civ. Code § 1641.

The language in the EA that the "parties shall share the costs of [any] arbitration equally" is clear and explicit. Although the EA incorporates the "rules of the American Arbitration Association in effect at the time the dispute is submitted to arbitration," it is not clear that the AAA Employment Rules, as opposed to the general commercial rules, must apply to the proceedings. As the provision anticipated, the AAA rules have changed over time. While the parties may have intended to utilize the AAA rules, it does not follow that they intended those rules govern over express provisions in the EA to the contrary. Moreover, applying the fee schedule of the AAA Employment Rules "would impermissibly render the more specific provisions in [the arbitration agreement] superfluous." *Adams v. Postmates, Inc.*, 414 F. Supp. 3d 1246, 1254 (N.D. Cal. 2019). The Court therefore finds that the specific provision requiring the parties to split arbitration fees equally controls over the AAA Employment Rules incorporated by reference. *See id.* (citing *S. Cal. Gas Co. v. City of Santa Ana,* 336 F.3d 885, 891 (9th Cir. 2003) (noting that it is "[a] standard rule of contract interpretation . . . that when provisions are inconsistent, specific terms control over general ones.")).

Because Defendant was not contractually obligated to pay the $1900 filing fee imposed by the AAA Employment Rules, Defendant did not materially breach the arbitration agreement by failing to do so.

### B. Waiver

Plaintiff next argues that Defendant waived its right to compel arbitration by both failing to

---

[2] A court interpreting an arbitration clause applies state law principles of contract interpretation. *Volt Info. Scis., Inc. v. Bd. of Trustees of Leland Stanford Junior Univ.*, 489 U.S. 468, 475 (1989).

Case No.: 5:19-cv-06771-EJD
ORDER COMPELLING ARBITRATION AND STAYING CASE
4

pay the filing fee and by its participation in this litigation. The "right to arbitration, like any other contract right, can be waived." *United States v. Park Place Assocs., Ltd.*, 563 F. 3d 907, 921 (9th Cir. 2009). In determining whether a party has waived its right to arbitrate, the Ninth Circuit has established a three-prong test: "(1) knowledge of an existing right to compel arbitration; (2) acts inconsistent with that right; and (3) prejudice to the party opposing arbitration resulting from such inconsistent acts." *Ibid.*

Defendant does not dispute that it knew of its right to compel arbitration, but argues that it did not take any acts inconsistent with that right. On the contrary, Defendant not only failed to raise its right to compel arbitration at any point over the past eleven months of litigation, it expressly argued *against* compelling arbitration. *See* Defendant's Opposition to Plaintiff's Motion for Default Judgment, Dkt. No. 43 at 2-3 ("It would be unduly prejudicial and fundamentally unfair to order this case to proceed in arbitration, after it has already been litigated in court."). While "[t]here is no concrete test to determine whether a party has engaged in acts that are inconsistent with its right to arbitrate," *Martin v. Yasuda*, 829 F.3d 1118, 1125 (9th Cir. 2016), it strains credulity to argue that opposing a motion to compel arbitration is not inconsistent with a right to compel arbitration.

Defendant further argues that there is no prejudice to Plaintiff resulting from it acts inconsistent with arbitration. Although the complaint was filed nearly one year ago, the case remains at the pleadings stage and the Court has yet to consider any arguments on the merits of the dispute. Plaintiff argues that he is prejudiced because he has "spent tens of thousands of dollars in litigating motions, in propounding and responding to discovery, in serving subpoenas on third parties and in participating in this Court's ENE conference, among others." Dkt. No. 57 at 20. He further argues that Defendant has acted in bad faith by avoiding its discovery obligations, and that "[w]ithout the benefit of this Court's judicial discovery procedures, which would be unavailable in an arbitration proceeding, [Plaintiff] would not be able to get the information requested in order to accurately determine the commissions owed to him and/or the paint formulas that [Defendant] is exploiting in its products." *Id.* at 23.

Case No.: 5:19-cv-06771-EJD
ORDER COMPELLING ARBITRATION AND STAYING CASE
5

Both of Plaintiff's arguments are undercut by the fact that he previously moved to compel arbitration. Had the Court granted Plaintiff's motion, Plaintiff would still have "spent tens of thousands of dollars" on the litigation up to that point. Similarly, had the Court granted Plaintiff's motion, Plaintiff would have voluntarily foregone the judicial discovery procedures that he now claims are vital to the resolution of this dispute. In fact, the only difference between the relief Plaintiff sought in his prior motion and the relief that Defendant seeks now, is that Plaintiff specifically sought to compel an arbitration in which Defendant was obligated to pay all of the fees. The fact that Plaintiff must share the costs of arbitration, as required by the express terms of the EA, is simply not prejudicial.

Plaintiff notes that "only after the Court's OSC did Excelligence suddenly become in favor of a stay pending arbitration" and urges the Court to "not condone such gamesmanship." *Id.* at 19-20. But both Plaintiff and Defendant have taken positions contrary to those that they argued to this Court a few months ago. While the Court does not condone gamesmanship by either party, the Court finds that there is no prejudice to Plaintiff by allowing Defendant to compel arbitration at this stage. Thus, the Court concludes that Defendant has not waived its right to compel arbitration.

### C. Satisfaction of the Arbitration Requirement

Finally, Plaintiff argues that the Court should not stay the proceedings because the arbitration "has been had" under 9 U.S.C. § 3. Plaintiff relies on *Tillman*, in which the Ninth Circuit deemed an arbitration to have been "had" where one party failed to pay the arbitration fees and the arbitration terminated according to applicable AAA rules. *See Tillman v. Tillman*, 825 F.3d 1069, 1073-74 (9th Cir. 2016). In *Tillman*, the parties were much further along in the arbitration process at the time of termination than the parties were in the present case. Indeed, the District Court in *Tillman*, noted that the parties had "filed numerous rounds of briefing on various issues" and "held at least three conferences with the arbitrator" before Ms. Tillman was unable to continue paying her portion of the fees. *Tillman v. Tillman*, No. CV 09-2017-VAP (RCX), 2013 WL 12113443, at *1 (C.D. Cal. July 12, 2013). Unlike in *Tillman*, Plaintiff and Defendant never

actually commenced arbitration in this case, rather, the AAA closed the case before it began due to Defendant's failure to pay the filing fee. As the Court held above, Defendant did not breach the arbitration agreement by refusing to pay the disproportionate filing fee. Because there was no breach of the agreement and Defendant never participated in the arbitration, the Court cannot find that the "arbitration has been had in accordance with the terms of the agreement." 9 U.S.C. § 3.

### III.   Conclusion

For the reasons stated above, the Court concludes that the present dispute is subject to a valid and enforceable arbitration agreement. Pursuant to 9 U.S.C. § 3, it is hereby ordered that the case shall be **STAYED** pending arbitration.

All pretrial deadlines and hearing dates are hereby **VACATED**. The parties shall file a joint status report within thirty days of the resolution of the arbitration proceedings.

**IT IS SO ORDERED.**

Dated: September 18, 2020

EDWARD J. DAVILA
United States District Judge

Case No.: 5:19-cv-06771-EJD
ORDER COMPELLING ARBITRATION AND STAYING CASE
7